**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PAUL SCHENK AND | ) | |
| GAIL SCHENK, | ) | |
| 4086 Sondy Road | ) | |
| P.O. Box 966 | ) | |
| Snowflake, AZ 85937 | ) | |
| | ) | Case: 1:07-cv-01565-CKK |
| PLAINTIFFS | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| v. | ) | |
| | ) | |
| NOVARTIS PHARMACEUTICALS | ) | |
| CORPORATION | ) | |
| 59 Route 10 | ) | |
| One Health Plaza | ) | |
| East Hanover, NJ 07936-1080 | ) | |
| | ) | |
| DEFENDANT. | ) | |

**ANSWER AND DEFENSES OF DEFENDANT NOVARTIS**
**PHARMACEUTICALS CORPORATION TO PLAINTIFFS' COMPLAINT**

Defendant Novartis Pharmaceuticals Corporation ("NPC") responds to plaintiffs'

Complaint ("the Complaint") as follows:

With respect to the introductory paragraph preceding Paragraph 1 of the

Complaint, NPC admits that its name is Novartis Pharmaceuticals Corporation and that it

is a Delaware Corporation with principal offices located in East Hanover, New Jersey.

To the extent that a response is otherwise required, NPC denies the remaining allegations

in the introductory paragraph preceding Paragraph 1 of the Complaint.

## I. INTRODUCTION

1.       As to the first sentence in Paragraph 1 of the Complaint, NPC admits that

it markets Zometa® and in the past did market Aredia®.  NPC does not know the meaning

that plaintiffs ascribe to the phrase "other related Novartis entities" in the first sentence in Paragraph 1 of the Complaint, and, therefore, NPC is unable to respond to the allegations contained therein and denies the same. NPC denies the allegations in the second sentence in Paragraph 1 of the Complaint. NPC denies the allegations in the third sentence in Paragraph 1 of the Complaint. As to the fourth sentence in Paragraph 1 of the Complaint, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same. NPC denies the remaining allegations in Paragraph 1 of the Complaint. NPC specifically denies that any injuries alleged in the Complaint were caused by Aredia®.

## II. PARTIES

### A. PLAINTIFF

2.      NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same. NPC specifically denies that any injuries alleged in the Complaint were caused by Aredia®.

3.      NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the same.

### B. DEFENDANT

4.      In response to the allegations in Paragraph 4 of the Complaint, NPC admits that it is a corporation incorporated under the laws of the state of Delaware with its principal offices located in East Hanover, New Jersey.

5.      In response to the allegations in the first sentence in Paragraph 5 of the Complaint, NPC lacks sufficient knowledge or information to determine what time

periods plaintiffs assert are "[a]t all times relevant hereto" and therefore NPC is unable to respond to the allegations in the first sentence in Paragraph 5 of the Complaint. To the extent that a response is required, NPC admits that it labels, markets, tests, distributes, promotes, and sells Zometa® and that it labels, distributes, and sells Aredia®. NPC admits that in the past it did market, test, and promote Aredia®. NPC denies the remaining allegations in the first sentence in Paragraph 5 of the Complaint. In response to the allegations in the second sentence in Paragraph 5 of the Complaint, NPC lacks sufficient knowledge or information to determine what time periods plaintiffs assert are "at present or in the past" and therefore NPC is unable to respond to the allegations in the second sentence in Paragraph 5 of the Complaint. To the extent a response is required, NPC admits that it markets and distributes Zometa® and that it distributes Aredia® in all fifty states in the United States, including Arizona. NPC admits that in the past it did market Aredia® in all fifty states in the United States, including Arizona. NPC denies the remaining allegations in the second sentence in Paragraph 5 of the Complaint.

### III.  JURISDICTION AND VENUE

6.       The allegations in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies the same.

### IV.  FACTUAL BACKGROUND

7.       In response to Paragraph 7 of the Complaint, NPC admits that Zometa® and Aredia® are bisphosphonic acids. NPC affirmatively avers that Aredia® and Zometa® are approved by the Food and Drug Administration ("FDA") for the indications listed on

each product's label.  NPC denies the allegations in Paragraph 7 of the Complaint to the extent that they mischaracterize or misstate information contained on the label for Aredia® and/or Zometa®.  NPC does not know the meaning that plaintiffs ascribe to the phrase "successor-drug" in the second sentence in Paragraph 7 of the Complaint and therefore NPC is unable to respond to the allegations contained therein and denies the same.  NPC denies the remaining allegations in Paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, NPC admits that some bisphosphonates contain nitrogen and some do not and that Aredia® and Zometa® are bisphosphonic acids that contain a nitrogen atom.  NPC refers the Court to the information contained on the labeling for Fosamax®, Zometa®, Aredia®, Bondronat®, Actonel®, Didronel®, Bonefos®, Loron®, and Skelid®, and denies any allegations in Paragraph 8 of the Complaint to the extent that they mischaracterize or misstate that labeling information.  NPC denies any remaining allegations in Paragraph 8 of the Complaint.

9.      NPC does not know the meaning that plaintiffs ascribe to the phrase "frequent and common occurrence" in Paragraph 9 of the Complaint, and, therefore, NPC is unable to respond to the allegations in Paragraph 9 of the Complaint and denies the same.

10.      The allegations in the first sentence in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC admits that white phosphorus was mined for use in match making in the 19th century and that persons working in these industries were diagnosed with a disease allegedly known as "phossy jaw."  NPC denies the remaining allegations

in the first sentence in Paragraph 10 of the Complaint.  NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence in Paragraph 10 of the Complaint and therefore denies the same.  The allegations in the third sentence in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the third sentence in Paragraph 10 of the Complaint.  The allegations in the fourth sentence in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the fourth sentence in Paragraph 10 of the Complaint.

11.    NPC does not know the meaning that plaintiffs ascribe to the phrases "taken away" and "created" in the first sentence in Paragraph 11 of the Complaint, and, therefore, NPC is unable to respond to the allegations contained therein and denies the same.  In response to the second sentence in Paragraph 11 of the Complaint, NPC admits that the principal pharmacological action of Aredia® and Zometa® is the inhibition of bone resorption.  NPC denies any remaining allegations in the second sentence in Paragraph 11 of the Complaint.  The allegations in the third sentence in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the third sentence in Paragraph 11 of the Complaint.  The allegations in the fourth sentence in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the fourth sentence in Paragraph 11 of the Complaint.  NPC does not know the meaning that plaintiffs ascribe to the phrases "jaw or mouth bone specialist" and "used or assigned" in the fifth sentence in

Paragraph 11 of the Complaint, and, therefore, NPC is unable to respond to the allegations contained therein and denies the same.  The allegations in the sixth sentence in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations contained in the sixth sentence in Paragraph 11 of the Complaint.  NPC does not know the meaning that plaintiffs ascribe to the phrase "ONJ-like symptoms" in the seventh sentence in Paragraph 11 of the Complaint, and, therefore, NPC is unable to respond to the allegations contained therein and denies the same.  The allegations in the eighth sentence in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the eighth sentence in Paragraph 11 of the Complaint.  NPC denies the remaining allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 13 of the Complaint.

14.     In response to Paragraph 14 of the Complaint, NPC admits that it received reports in 2002 that some patients treated with Aredia[®] and/or Zometa[®] presented with osteonecrosis of jaw.  NPC affirmatively avers that it sent correspondence to medical professionals on September 21, 2004 and to dentists on May 5, 2005 addressing the

subject of osteonecrosis of the jaw.  NPC denies the remaining allegations in Paragraph 14 of the Complaint.

15.    NPC does not know the meaning that plaintiffs ascribe to the phrases "[s]hortly after," "other dental complications," "exploded," and "class effects" in the first sentence in Paragraph 15 of the Complaint, and, therefore, NPC is unable to respond to the allegations contained therein and denies the same.  NPC denies the allegations in the second sentence in Paragraph 15 of the Complaint.  NPC denies the allegations in the first clause of the third sentence in Paragraph 15 of the Complaint.  In response to the second clause of the third sentence in Paragraph 15 of the Complaint, NPC admits that it filed an application with the FDA to market Reclast® for the treatment of osteoporosis, but denies that Reclast® is Zometa®.  NPC otherwise denies the allegations in the second clause of the third sentence in Paragraph 15 of the Complaint.  NPC denies the allegations in the third clause of the third sentence in Paragraph 15 of the Complaint.  NPC denies the allegations in the fourth sentence in Paragraph 15 of the Complaint.  NPC denies any and all remaining allegations in Paragraph 15 of the Complaint.

16.    The allegations in Paragraph 16 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC admits that it markets Zometa®.  Further, NPC admits that it filed an application with the FDA to market Reclast® for the treatment of osteoporosis, but denies that Reclast® is Zometa®.  NPC denies the remaining allegations in Paragraph 16 of the Complaint.

17.    NPC denies the allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC admits that applicable law imposes certain duties upon manufacturers and distributors of products, but denies that Paragraph 19 accurately sets forth those duties. NPC denies the remaining allegations in Paragraph 19 of the Complaint.

20.     NPC denies the allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 21 of the Complaint.

## COUNT I

## STRICT LIABILITY

22.     In response to Paragraph 22 of the Complaint, NPC incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

23.     NPC lacks sufficient knowledge or information to determine what time periods plaintiffs assert in Paragraph 23 and is therefore unable to respond to the allegations contained therein.  To the extent a response is required, NPC admits that it labels, sells, and distributes Aredia® in all fifty states in the United States, including Arizona .  NPC admits that in the past it did test, market, and advertise Aredia® in all fifty states in the United States, including Arizona.  NPC denies the remaining allegations in Paragraph 23 of the Complaint.

24.    The allegations in Paragraph 24 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.    The allegations in Paragraph 25 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26.    The allegations in Paragraph 26 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 26 of the Complaint.

27.    The allegations in Paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 27 of the Complaint.  NPC specifically denies that Aredia® is "defective" and/or "unreasonably dangerous."

28.    The allegations in Paragraph 28 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 28 of the Complaint.

29.    The allegations in Paragraph 29 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 29 of the Complaint.  NPC specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 29 of the Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

**COUNT II**

**NEGLIGENCE –NEGLIGENT MANUFACTURE**

30.     In response to Paragraph 30 of the Complaint, NPC incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

31.     The allegations in Paragraph 31 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC admits that applicable law imposes certain duties upon manufacturers and distributors of products, but denies that Paragraph 31 accurately sets forth those duties. NPC denies the remaining allegations in Paragraph 31 of the Complaint.

32.     The allegations in Paragraph 32 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC admits that applicable law imposes certain duties upon manufacturers and distributors of products, but denies that Paragraph 32 accurately sets forth those duties. NPC denies the remaining allegations in Paragraph 32 of the Complaint.

33.     In response to the first clause of the first sentence in Paragraph 33 of the Complaint, NPC admits that it sells Aredia®.  NPC denies the remaining allegations in the first clause of the first sentence in Paragraph 33 of the Complaint.  The allegations in the second clause of the first sentence in Paragraph 33 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the second clause of the first sentence in Paragraph 33 of the Complaint.  The allegations in the second sentence in Paragraph 33 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a

response is required, NPC denies the allegations in the second sentence in Paragraph 33 of the Complaint.

34.    The allegations in Paragraph 34 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 34 of the Complaint.

35.    The allegations in Paragraph 35 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 35 of the Complaint.  NPC specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 35 of the Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

**COUNT III**

**<u>NEGLIGENCE-FAILURE TO WARN</u>**

36.    In response to Paragraph 36 of the Complaint, NPC incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

37.    The allegations in Paragraph 37 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC admits that applicable law imposes certain duties upon manufacturers and distributors of products, but denies that Paragraph 37 accurately sets forth those duties. NPC denies the remaining allegations in Paragraph 37 of the Complaint.

38.    The allegations in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC admits that applicable law imposes certain duties upon manufacturers and

distributors of products, but denies that Paragraph 38 accurately sets forth those duties. NPC denies the remaining allegations in Paragraph 38 of the Complaint.

39.    The allegations in Paragraph 39 of the Complaint and its subparts (a) through (f) constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 39 of the Complaint and its subparts (a) through (f).

40.    The allegations in Paragraph 40 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 40 of the Complaint.

41.    The allegations in the first clause in Paragraph 41 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the first clause in Paragraph 41 of the Complaint.  In response to the second clause in Paragraph 41 of the Complaint, NPC admits that it distributes and sells Aredia®.  NPC admits that in the past it did market and promote Aredia®.  NPC denies the remaining allegations in the second clause in Paragraph 41 of the Complaint.  NPC specifically denies that Aredia® is "dangerously defective."

42.    The allegations in Paragraph 42 of the Complaint, in particular, the allegations regarding violations of statutes and regulations, constitute legal conclusions to which no response is required.  NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding "injuries and damages" allegedly incurred by plaintiffs and therefore denies the same.  NPC denies all remaining allegations in Paragraph 42 of the Complaint.

43.     The allegations in Paragraph 43 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 43 of the Complaint.  NPC specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 43 of the Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

## COUNT IV

## **<u>BREACH OF EXPRESS WARRANTY</u>**

44.     In response to Paragraph 44 of the Complaint, NPC incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 47 of the Complaint.  NPC specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 47 of the Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

## COUNT V

## <u>BREACH OF IMPLIED WARRANTY</u>

48.     In response to Paragraph 48 of the Complaint, NPC incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

49.     The allegations in the first sentence in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the first sentence in Paragraph 49 of the Complaint.  The allegations in the second sentence in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 49 of the Complaint regarding plaintiffs' skill or alleged reliance, and therefore denies the same.  NPC denies the remaining allegations in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 50 of the Complaint.

51.     The allegations in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 51 of the Complaint.  NPC specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 51 of the Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

## COUNT VI

## <u>LOSS OF CONSORTIUM</u>

52.     In response to the allegations in the second numbered paragraph 41, NPC incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

53.     The allegations in the second numbered paragraph 42 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the second numbered Paragraph 42 of the Complaint.

54.     The allegations in the second numbered paragraph 43 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in the second numbered paragraph 43 of the Complaint.  NPC specifically denies that plaintiffs are entitled to any of the relief sought in the second numbered paragraph 43 of the Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

55.     With respect to the allegations in the unnumbered paragraph following the second numbered Paragraph 43 of the Complaint and its subparts (a) through (h), which begin with the words "WHEREFORE, Plaintiffs pray that this honorable Court," NPC denies that the plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs or any other relief whatsoever.

56.     Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint, in whole or part, fails to state a claim or cause of action against NPC upon which relief can be granted.

### Second Defense

Venue is inconvenient to the parties in the United States District Court for the District of Columbia, and this matter should be transferred to an appropriate jurisdiction.

### Third Defense

The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiffs' claims against NPC in whole or in part.

### Fourth Defense

The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiffs' claims against NPC in whole or in part.

### Fifth Defense

Applicable statutes of limitations or repose bar plaintiffs' claims in whole or in part.

### Sixth Defense

Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in whole or in part.

### Seventh Defense

The alleged injuries to plaintiffs were proximately caused by the misuse, abuse, alteration, and/or failure to properly utilize, maintain, or care for the product by persons other than NPC.

### Eighth Defense

If plaintiffs used a product sold by NPC, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

### Ninth Defense

Any alleged negligent or culpable conduct of NPC, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

### Tenth Defense

If plaintiffs used a product sold by NPC, plaintiffs used the product for "off-label" purposes, which bars the plaintiffs' claims.

### Eleventh Defense

The "learned intermediary" doctrine bars plaintiffs' claims.

### Twelfth Defense

Plaintiffs' claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

### Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the labels and information accompanying the products at issue were approved by the U.S. Food and Drug Administration or other appropriate regulatory agencies.

## Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, by applicable products liability statutes or other law providing absolute or limited immunity or a disputable presumption of immunity against liability for pharmaceutical products approved by the FDA.

## Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the product at issue was not defective or unreasonably dangerous in that it complied with, at all relevant times, all applicable government safety standards.

## Sixteenth Defense

Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Aredia® and/or Zometa®.

## Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

## Eighteenth Defense

If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which NPC is neither liable nor responsible or resulted from diseases and/or causes that are not related to or connected with any product sold, distributed, or manufactured by NPC. Such acts or

omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

### Nineteenth Defense

Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by Aredia®, which is denied, was the result of plaintiffs' own idiosyncratic reactions.

### Twentieth Defense

Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

### Twenty-First Defense

Aredia® was fit and proper for its intended purposes and the social utility of the drug outweighed any possible risk inherent in the use of the product.

### Twenty-Second Defense

NPC has no legal relationship or privity with plaintiffs and owes no duty to plaintiffs by which liability could be attributed to it.

### Twenty-Third Defense

The claims of plaintiffs should be diminished in whole or in part in the amount paid to plaintiffs by any party or non-party with whom plaintiffs have settled or may settle.

### Twenty-Fourth Defense

Plaintiffs' claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### Twenty-Fifth Defense

NPC made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, whether express or implied, which NPC specifically denies, then plaintiffs did not rely on any such representations or warranties and/or failed to give notice of any breach thereof.

### Twenty-Sixth Defense

Notwithstanding the claims and contentions of plaintiffs, plaintiffs received all or substantially all of the benefit from the product that plaintiffs hoped and intended to receive, and, to that extent, any damages and/or restitution that plaintiffs might be entitled to recover from NPC must be correspondingly reduced.

### Twenty-Seventh Defense

Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

### Twenty-Eighth Defense

Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

### Twenty-Ninth Defense

If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by an NPC product.

### Thirtieth Defense

Plaintiffs' claims for punitive damages are barred because such an award would violate NPC's due process, equal protection and/or other rights under the United States

Constitution, the New Jersey Constitution, the Arizona Constitution, and/or other applicable state constitutions.

### Thirty-First Defense

Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under New Jersey, District of Columbia, Arizona and/or other applicable state laws.

### Thirty-Second Defense

Plaintiffs' claim for punitive damages is preempted, in whole or in part, by applicable federal law.

### Thirty-Third Defense

To the extent that New Jersey law applies to plaintiffs' claims, plaintiffs are limited in the amount, if any, they may recover for punitive damages under N.J.S.A. § 2A:15-5.9 *et seq.*

### Thirty-Fourth Defense

To the extent that New Jersey law applies to plaintiffs' claims, plaintiffs are barred from recovering punitive damages under N.J.S.A. § 2A:58C-5(c) because Zometa® and Aredia® were subject to pre-market approval by the FDA, were approved by the FDA, and/or were generally recognized as safe and effective pursuant to regulations and conditions established by the FDA.

### Thirty-Fifth Defense

Punitive damages against NPC cannot be recovered based on alleged fraudulent representation to the FDA. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 343 (2001); *see also* N.J.S.A. § 2A:58C-5(c).

### Thirty-Sixth Defense

Plaintiffs' claims for punitive damages are barred in whole or in part because plaintiffs are not entitled to compensatory damages, no fault or other admissions being made.

### Thirty-Seventh Defense

To the extent that Arizona law applies in this case, punitive damages against NPC are barred by Arizona Revised Statutes § 12-701(A).

### Thirty-Eighth Defense

To the extent that Arizona law applies in this case, punitive damages against NPC cannot be recovered based on alleged fraudulent representations to the FDA. *See, e.g., Kobar v. Novartis Corp.,* 378 F. Supp. 2d 1166 (D.AZ 2005).

### Thirty-Ninth Defense

To the extent that Arizona law applies in this case, plaintiffs' claims for breach of implied warranty are barred and/or subsumed by plaintiffs' other product liability claims.

### Fortieth Defense

NPC hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant NPC demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY DEMAND

Defendant Novartis Pharmaceuticals Corporation demands a jury trial as to all issues so triable.

Dated: October 2, 2007

s/Katharine Latimer
Joe G. Hollingsworth
(D.C. Bar No. 203273)
Katharine R. Latimer
(D.C. Bar No. 405137)
Robert E. Johnston
(D.C. Bar No. 447475)
Gary I. Rubin
(D.C. Bar No. 379730)
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, D.C. 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
*Attorneys for Defendant*
*Novartis Pharmaceuticals*
*Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 2d day of October 2007, served a true and

correct copy of the foregoing Answer and Defenses of Defendant Novartis

Pharmaceuticals Corporation to Plaintiffs' Complaint, by operation of the Court's

Electronic Case filing system on the following:

    Bart T. Valad, Esq.
    (D.C. Bar No. 462814)
    John J. Vecchione, Esq.
    (D.C. Bar No. 431764)
    Valad and Vecchione, PLLC
    3863 Plaza Drive
    Fairfax, VA 22030
    Telephone (703) 352-4800
    Fax (703) 352-4820

                                        s/Katharine Latimer
                                        Katharine Latimer